J-A16029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES EARLS | : | |
| | : | |
| Appellant | : | No. 120 WDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003327-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES R. EARLS JR. | : | |
| | : | |
| Appellant | : | No. 121 WDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000205-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES RAYMOND EARLS III | : | |
| | : | |
| Appellant | : | No. 122 WDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000320-2019

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                **FILED: July 31, 2024**

In this consolidated appeal, Charles Raymond Earls (Appellant) appeals from orders entered in three matters. Each order dismissed as untimely Appellant's first petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant's counsel (Counsel) has petitioned to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Counsel's petition to withdraw and affirm the PCRA court's orders.

In 2017, the Commonwealth charged Appellant, at CP-25-CR-0003327-2017 (No. 3327), with one count of prohibited offensive weapons and one count of disorderly conduct.[1] On January 17, 2018, Appellant pled guilty to prohibited offensive weapons, and the Commonwealth *nolle prossed* the disorderly conduct charge. On February 27, 2018, the trial court sentenced Appellant to 3 to 18 months in prison. No direct appeal followed.

In 2018, the Commonwealth charged Appellant, at CP-25-CR-0000205-2018 (No. 205), with one count each of burglary, criminal trespass, theft by unlawful taking, and criminal mischief.[2] On March 21, 2018, Appellant pled guilty to criminal trespass and criminal mischief, and the Commonwealth *nolle*

---

[1] 18 Pa.C.S.A §§ 908(a), 5303(a)(1).

[2] 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1)(ii), 3921(a), 3304(a)(5).

*prossed* the remaining charges. On May 21, 2018, the trial court sentenced Appellant to 3 to 23 months in prison, followed by one year of probation. The trial court imposed this sentence concurrently with Appellant's sentence at No. 3327. No direct appeal followed.

In 2019, the Commonwealth charged Appellant, at CP-25-CR-0000320-2019 (No. 320), with one count of bad checks and one count of forgery.[3] On April 3, 2019, Appellant pled guilty to both offenses. On June 13, 2019, the trial court sentenced Appellant to one year of probation, consecutive to Appellant's sentence at No. 205. No direct appeal followed.

On June 15, 2023, at all three dockets, Appellant filed *pro se* PCRA petitions. On each petition, Appellant checked boxes asserting he was eligible for relief because of:

> (I) A violation of the Constitution of this Commonwealth or the constitution or laws of the United States, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (II) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (III) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

---

[3] 18 Pa.C.S.A. §§ 4105(a)(1), 4101(a)(2).

- 3 -

PCRA Petitions, 6/15/23, at 2. At No. 205, Appellant also checked a box asserting eligibility for relief because of "[t]he improper obstruction of governmental officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court." PCRA Petition (No. 205), 6/15/23, at 2. Despite checking these boxes, Appellant mostly failed to articulate information corresponding to the identified claims. *See generally* PCRA Petitions, 6/15/23.

In each petition, Appellant asserted the newly-discovered facts exception to the PCRA's time-bar. PCRA Petitions, 6/15/23, at 3; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii). At No. 205, he also asserted the governmental-inference exception. PCRA Petition (No. 205), 6/15/23, at 3; *see also* 42 Pa.C.S.A. § 9545(b)(1)(i). In all three petitions, Appellant asserted his "actual innocence" as a purported time-bar exception. PCRA Petitions, 6/15/23, at 3. Appellant's allegations as to timeliness are discussed more fully below.

On July 31, 2023, at all three dockets, the PCRA court appointed Counsel to represent Appellant, and gave Counsel thirty days to file supplemental PCRA petitions or *Turner*/*Finley* letters. On August 28, 2023, Counsel filed petitions to withdraw from representation and *Turner*/*Finley* letters, opining each of Appellant's PCRA petitions was untimely. On the same date, the PCRA court denied Counsel's petitions to withdraw. On October 2, 2023, at a

***Grazier***[4] hearing, Appellant indicated his desire to retain Counsel's representation despite Counsel's stated intention to file ***Turner***/***Finley*** briefs on appeal. ***See*** Petition to Withdraw as Counsel, 3/20/24, ¶ 6; ***see also*** Pa.R.Crim.P. 907 Notices, 12/13/23, at 2.

On December 13, 2023, the PCRA court issued Pa.R.Crim.P. 907 notices of its intent to dismiss the three petitions without hearings. Appellant did not respond to the Rule 907 notices and, on January 4, 2024, the PCRA court dismissed the petitions as untimely filed. On Appellant's behalf, Counsel filed three timely notices of appeal. Counsel and the PCRA court have complied with Pa.R.A.P. 1925.[5]

On February 2, 2024, this Court consolidated the three appeals. On March 20, 2024, Counsel filed a petition to withdraw and ***Turner***/***Finley*** brief in this Court. Appellant has not responded to Counsel's petition to withdraw or ***Turner***/***Finley*** brief. The Commonwealth has not filed an appellate brief.

We first address whether Counsel has satisfied the procedural requirements of ***Turner***/***Finley*** in petitioning to withdraw. ***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a

---

[4] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[5] In lieu of Rule 1925(b) statements, Counsel filed timely statements indicating his intent to seek withdrawal under ***Turner***/***Finley***. ***See*** Pa.R.A.P. 1925(c)(4).

brief pursuant to **Turner**/**Finley**, we first determine whether the brief meets the procedural requirements of **Turner**/**Finley**.").  This Court has explained:

> A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless.  Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel.  If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Knecht**, 219 A.3d at 691 (citations omitted).  Further, we have stated that substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria.  **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, in his **Turner**/**Finley** brief, Counsel (1) stated he has conducted a conscientious examination of the record, (2) determined there are no non-frivolous arguments to support Appellant's claims, and (3) explained why Appellant's claims lack merit.  **See Turner**/**Finley** Brief at 3-6.  Though Counsel did not list each issue Appellant wishes to have reviewed, Counsel's conclusion that Appellant's petitions are untimely applies to all potential issues.  Additionally, Counsel notified Appellant of Counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with copies of the petition to withdraw and **Turner**/**Finley** brief.  Under these circumstances, we conclude Counsel has substantially complied with the

*Turner*/*Finley* requirements. Accordingly, we proceed to independently review Appellant's claims.

In his *Turner*/*Finley* brief, Counsel identifies the relevant issue: whether Appellant's petitions "were timely filed and/or whether any statutory exceptions would circumvent the untimely filing." *Turner*/*Finley* Brief at 5. Counsel concedes that each petition was untimely filed, and his review of the record disclosed no applicable exceptions. *Id.* Therefore, Counsel concludes, Appellant's appeals are frivolous. *Id.* at 5-6.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Before reaching the merits of Appellant's claims, we must consider their timeliness. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). "The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction." *Commonwealth v. Reeves*, 296 A.3d 1228, 1230-31 (Pa. Super. 2023).

Here, Appellant's petitions are facially untimely. His judgments of sentence became final, respectively, in March 2018 (No. 3327), June 2018 (No. 205), and July 2019 (No. 320), when the time for filing direct appeals expired. Appellant did not file his petitions until June 2023. "However, a petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)." *Reeves*, 296 A.3d at 1231. The exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *see also id.* § 9545(b)(2) (requiring any petition invoking an exception to be filed within one year of the date the claim could have been presented)).

In each of his petitions, Appellant asserted the newly-discovered facts exception under Section 9545(b)(1)(ii). PCRA Petitions, 6/15/23, at 3. This exception requires Appellant "to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by

the exercise of due diligence." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (internal citations, quotations, and emphasis omitted).

At No. 205, Appellant alleged, as a previously-unknown fact, the officers' failure to state in the police report that they had "illegally interrogat[ed]" Appellant while he was "highly intoxicated" on controlled substances. PCRA Petition (No. 205), 6/15/23, at 3. This allegation does not constitute a newly-discovered fact, as Appellant was admittedly present for the interrogation, and the officers' failure to include this information in a police report would have been apparent on the face of the report.

At No. 320, Appellant alleged, as a previously-unknown fact, that "[Appellant's trial counsel] abandoned [Appellant] and accepted the Commonwealth['s] evidence as fact, and disregarded [Appellant's] claim of being scammed." PCRA Petition (No. 320), 6/15/23, at 3. This allegation is not a newly-discovered fact, as Appellant was aware of trial counsel's conduct while his case was pending. ***See id.*** at 4 (arguing trial counsel "refus[ed] to present a defense" and exhibited "prejudice and bias.").[6]

At No. 3327, Appellant's petition failed to identify any facts previously unknown to him. ***See*** PCRA Petition (No. 3327), 6/15/23, at 3. In all three

---

[6] Our review of the record discloses Appellant's trial counsel was present for Appellant's plea and sentencing proceedings. In asserting trial counsel "abandoned" him, Appellant merely seems to take issue with counsel discounting Appellant's version of events.

- 9 -

petitions, therefore, Appellant failed to establish the newly-discovered facts exception.

At No. 205, Appellant also asserted the governmental-inference exception under Section 9545(b)(1)(i). PCRA Petition (No. 205), 6/15/23, at 3. To establish this exception, Appellant "must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). Appellant alleged his failure to previously raise his claim was caused by the officers' failure to disclose they had "illegally interrogat[ed]" him. PCRA Petition (No. 205), 6/15/23, at 3. While Appellant argued the "illegal interrogation" should have resulted in the suppression of evidence, he did not identify any information wrongfully withheld from him, nor did he explain why he could not have raised this claim previously. *Id.* at 3. Accordingly, Appellant failed to establish the governmental-interference exception.

Finally, in each petition, Appellant asserted his "actual innocence" as a timeliness exception. *See* PCRA Petition (No. 3327), 6/15/23, at 3 (arguing, "actual innocence is a basis for [a] timeliness exception."). However, a claim of innocence does not excuse a petitioner from the PCRA's timeliness requirements. *See Commonwealth v. Allison*, 235 A.3d 359, 365 n.6 (Pa. Super. 2020) ("To the extent Appellant contends the PCRA's timeliness

requirements do not apply to him because he has asserted his innocence, we note this Court has rejected such a claim.") (citing ***Commonwealth v. Brown***, 143 A.3d 418 (Pa. Super. 2016)). Therefore, Appellant's assertions of innocence do not render his petitions timely.

The PCRA court concluded that each of Appellant's petitions was "patently untimely" and Appellant "failed to successfully plead and prove a statutory exception to the one-year timeliness rule." Pa.R.Crim.P. 907 Notices, 12/13/23, at 2. This conclusion is supported by the record and free from legal error. Our independent review of the record discloses no non-frivolous issues Appellant could have raised.[7] Accordingly, we grant Counsel's petition to withdraw and affirm the PCRA court's orders denying relief.

Petition to withdraw granted. Orders affirmed.

_____

[7] Even if Appellant's petitions were timely, he would not be eligible for PCRA relief unless he is still serving sentences on the underlying offenses. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i) (to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted.). In each petition, Appellant alleged he was currently serving a sentence and incarcerated in a state correctional institution. ***See*** PCRA Petitions, 6/15/23, at 3. However, the record is not clear that Appellant is still serving a sentence in any of the instant matters. Our review discloses Appellant is currently incarcerated on unrelated sentences. ***See Commonwealth v. Earls***, 758 WDA 2023 and 759 WDA 2023 (Pa. Super. 2024) (unpublished memorandum) (in 2021, Appellant pled guilty in two Warren County cases and received a total sentence of 82 to 164 months in prison).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 07/31/2024